PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* LORENZO MARTÍNEZ, Defendant and Appellant.

No. 2749. Argued November 2, 1926.—Decided May 31, 1927.

*Felipe Colón* and *M. Bahamonde* for the appellant. *José E. Figueras* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Lorenzo Martínez was charged with murder in the first degree for having killed Higinio Aponte, and upon being convicted by a jury of murder in the second degree he appealed from the judgment.

At the trial in the court below the appellant called as a witness the clerk of that court to identify and present the record of another case in which he had been charged with the crime defined in section 370 of the Penal Code, *i. e.,* in drawing or exhibiting in the presence of two or more persons a deadly weapon, not in necessary self-defense, as included in the title of crimes against the public peace, and asked the witness whether the defendant had been acquitted in that case, the answer being in the affirmative. Cross-examined by the district attorney, the witness testified that the defendant had been acquitted on a motion for nonsuit in which it was alleged by the defendant that the prosecution had failed to show that the revolver was a deadly weapon.

The appellant bases his first two assignments of error on the trial court's having allowed its clerk to testify that the defendant had not been acquitted in a prosecution for breach of the peace on the merits of the case, but on a motion for nonsuit for failure on the part of the district attorney to show that the instrument used was a deadly weapon, and on having allowed him to testify that the district attorney had taken an exception in the case to the ruling of the court and had appealed therefrom, the appeal being still pending.

These two assignments may be considered jointly, as they

are based on the same ground, namely, that there can be no evidence of the contents of a writing apart from the writing itself, except in the cases specified in section 24 of the Law of Evidence. In other words, that the district attorney should have introduced documentary evidence to show the facts on which he had cross-examined the clerk.

There is no doubt about the law; but the appellant did not limit himself to asking the witness the questions which were necessary to identify the criminal record which he wanted to introduce, but tried by questioning the witness to show verbally facts which should have appeared from the record. Such a method led to the cross-examination by the district attorney complained of by the appellant, and it is a rule of the Law of Evidence that cross-examination is pertinent when it relates to the same facts mentioned in direct examination or connected therewith. Moreover, the defense also examined directly the witness on the motion for nonsuit and in regard to the allegations therein, and we do not see that any prejudice was caused.

Manuel León testified that he was in the shop of Lorenzo Martínez and ran to the scene of the crime ''because people were shouting that Higinio Aponte and Lorenzo Martínez are fighting,'' which the district attorney asked to be stricken out. The court declared that that answer did not form a part of the *res gestae* and this is set up as the third assignment of error. The error was not committed, because the statements of third persons made at a place other than where the acts occurred do not form a part of the *res gestae* and are not admissible in evidence. Underhill on Criminal Evidence, p. 331.

The fourth assignment is on the ground that the court did not clearly explain to the jury what is understood by reasonable doubt. The court in its instructions said to the jury:

''The guilt of the defendant must be shown to the satisfaction

of the jury beyond all reasonable doubt and in case of reasonable doubt it must be decided in favor of the defendant. In criminal cases the law presumes the defendant to be innocent until otherwise shown in a satisfactory manner by competent evidence, and it is a rule that his guilt must be fully shown, and this presumption of innocence accompanies the defendant during the trial and the jury must bear it in mind in their deliberations . . . . . Likewise, they should give him the benefit of a reasonable doubt if, after an examination of all the evidence, the jury do not reach a definite conclusion as to how the facts had occurred, for lack of some element of proof or any other circumstance; not a frivolous doubt, but a doubt arising from the facts of the case in themselves, then the jury should give him the benefit of that reasonable doubt and acquit him."

Although the instruction on reasonable doubt is not very satisfactory, we do not think that the jury were exposed to misunderstanding or error as regards such doubt, and, moreover, the defendant who had submitted another instruction to the court did not submit a better one on reasonable doubt, notwithstanding the inquiry from the court as to whether he had another instruction to be given to the jury. Therefore, we do not see that there is sufficient ground for a reversal of the judgment on that account.

In the fifth and last assignment of error it is alleged that the verdict of the jury finding the defendant guilty of murder in the second degree is contrary to the evidence.

The district attorney called several eyewitnesses of the facts which occurred in a shoemaker's shop kept by Higinio Aponte next to his home with which it communicated. It appears from this evidence that Higinio Aponte was maimed in his right hand; that he had filed a complaint against Lorenzo Martínez and that on the day of the killing the appellant came to the shoemaker's shop about 4 p. m. looking for Higinio Aponte and, on being told by the employees that he had left, went into a house next to Higinio's from where he returned and went into the street; that at about 6 p. m. he returned to the shop looking again for Higinio and was again told by the employees that he was

not in, but at that moment Higinio came out of his house and Lorenzo Martínez told him that he had come to settle the matter about the complaint and on Higinio Aponte's answering that there was nothing to be settled, Martínez went out into the street followed by Higinio Aponte; that Martínez from the door fired a shot, Higinio Aponte rushed at him and while clinching the second shot was fired that killed Higinio.

The evidence for the defense tends to show that Higinio Aponte went during the afternoon of that day to the shop of Lorenzo Martínez and not finding him there left word that he go to his house; that on receiving the message Martínez went to Higinio and had a talk with him and that when Martínez left Higinio Aponte rushed at him from behind and they grappled with each other, fighting for a revolver from which two shots were fired, one of which killed Higinio.

The conflict in the evidence was decided by the jury against the appellant, giving credit to the witnesses for the prosecution, and we do not see any reason for disturbing that decision or the verdict of guilty of murder in the second degree.

The judgment appealed from must be affirmed.

Mr. Justice Hutchison took no part in the decision of this case.